IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

GLENN S. SMITH,

    Plaintiff,

v.                                                                    Civil Action No. 2:19cv434

THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Glen S. Smith's ("Plaintiff") Motion to Remand. Doc. 7. On November 20, 2019, the Court held a hearing on the Motion. Doc. 13. After oral argument, the Court required further briefing and documentation to rule on Plaintiff's Motion. The Court ORDERED the Defendants to file a copy of the legal title to the vehicle operated by Defendant Carrie Field on the day of the accident. Doc. 15. Additionally, the Court ORDERED the parties to file a three (3) page brief addressing the following:

    1. In Virginia, what is the proper legal status of a business entity that:
        a. Is properly incorporated in a foreign jurisdiction; and
        b. Is improperly registered to do business under its foreign incorporated name in Virginia.

Id. The parties have filed the required documents and briefs. The Motion is now ripe for disposition by the Court. For the reasons stated herein, the Plaintiff's Motion to Remand is **GRANTED.**

## III. BACKGROUND

The current action arises out of automobile collision that occurred on June 30, 2018. Pl. Mem., Doc 8 at 1. One of the Defendants, Carrie Field, was operating a vehicle that collided with

1

the Plaintiff causing serious injuries to the Plaintiff and fatal injuries to the Plaintiff's passenger. Id. at 2. Field was operating the vehicle at the time as an agent of The Church of Jesus Christ of Latter-day Saints ("LDS Church"), Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints ("Presiding Bishop") and Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("President"). Id.; see Defs' Answer, Doc. 3 at ¶ 6 (admitting that Field was an agent/employee and operating within the scope of her employment for all three entities at the time of the accident).

## IV. MOTION TO REMAND

Title 28 of the United States Code, Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is upon the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). When analyzing a motion to remand, significant federalism concerns require the court to construe the removal statute strictly against removal into federal court. Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 784 (E.D. Va. 2007). Therefore, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

The general rule is that a defendant may remove a state court action to federal court only if it originally could have been filed by the plaintiff in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). But if the jurisdiction for the action is predicated on diversity jurisdiction, the "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

2

brought." Sanders v. Medtronic, Inc., No. 4:06cv57, 2006 U.S. Dist. LEXIS 45516, at *5 (E.D. Va. June 26, 2006) (quoting 28 U.S.C. § 1441(a)).

**A. Complete Diversity**

Pursuant to 28 U.S.C. § 1332(a), the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Federal Diversity Jurisdiction under § 1332, "requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014) Additionally, "when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." Hubbard v. Tripp, 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Charles Alan Wright et al., Federal Practice and Procedure, Jurisdiction 2d § 3723 (1985)) (internal quotation marks omitted). "For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.'" Hoschar, 739 F.3d at 170 (quoting 28 U.S.C. § 1332(c)(1)). This dual citizenship rule has been strictly limited to only "true-blue corporations." Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 223 (4th Cir. 2019) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 187-89, 196 (1990)). Therefore, "other business entities, such as a partnership, is treated as an unincorporated association, which has the citizenship of each of its members." Id. (citing Carden, 494 U.S. at 189).[1] This framework applies to both religious and

---

[1] The citizenship-of-its-members rule sometimes turns subject matter jurisdiction into a tedious exercise in drafting organizational charts: members of an unincorporated association may themselves be unincorporated associations, requiring courts and litigants to trace citizenship through multiple layers of ownership. Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 223 (4th Cir. 2019). Defendants do cite a practical concern with this doctrine in response to churches. The Court does recognize that it is difficult to treat a church as an unincorporated association because "[i]n some faith traditions, 'a person may be a full participant in a church, fully aware of and actively

secular entities. See U.S. Fire Ins. Co. v. United Church of Christ, 410 F. Supp. 2d 637, 638 (N.D. Ohio 2005).

Plaintiff avers that Presiding Bishop and President are foreign corporations incorporated in Utah and that the individual LDS Church located in Portsmouth, Virginia is either a corporation organized within the Commonwealth of Virginia or an unincorporated association. See Doc. 8 at 2 (citing to the Complaint noting that "LDS Church is a corporation organized within the Commonwealth.") see also id. (noting the "LDS Church location operates in Virginia as an unincorporated association"). For purposes of diversity jurisdiction, if LDS Church is an unincorporated association then it, has the imputed citizenship of each one of its members. Doc. 8 at 6. Plaintiff highlights that the full name of the Portsmouth location, "The Church of Jesus Christ of Latter-Day Saints" is not registered at the time of removal "in any fashion" as an autonomous entity with the Virginia State Corporation Commission ("Virginia SCC").[2] Id. at 3. The Defendants' counter that Corporation of the Presiding Bishop officially changed its name to "The Church of Jesus Christ of Latter-day Saints" in Utah on June 27, 2019. But the record illustrates that this change was not accepted by the Virginia SCC until August 29, 2019. Id. at 3; Doc. 16. Because of the lack of registration with the Virginia SCC, the LDS location in Portsmouth is averred to have "operated, at all relevant times, as an unincorporated association" See Doc. 8 at 3.[3] Accordingly, Plaintiff contends that Defendants have not met the burden to remove the case

---

engaged in all its practices, without ever having become a formal church member.'" Doc. 10 at 8 (citing Smith v. Calvary Christian Church, 614 N.W.2d 590, 594 (Mich. 2000)).

[2]This name only exists as a fictious name for the Presiding Bishop with respect to the City of Richmond but not any other locations in the Commonwealth. Doc. 8 at 3. As required, the Bishop corporation filed an amendment to the Virginia State Corporation Commission and was initially rejected because of an incomplete attestation on July 16, 2019. Doc. 16 at 1. The amendment was accepted by the SCC on August 29,2019. Id. This case was removed on August 15, 2019. Doc. 1.

because they have failed to allege that complete diversity exists - that every member of the LDS Church are not citizens of Virginia. Id.

Defendants argue that the LDS Church is incorporated under Utah Law and has been operating in Virginia within their corporate form. Doc. 10 at 4. They highlight that the Church has been incorporated "under Utah law in 1916 and has been protected by the corporate form since then." Id. at 4. Defendants aver that the individual LDS Church serves as one of the incorporators of the Presiding Bishop and President Corporations and is therefore registered under these names to take advantage of the protections in the corporate form. Id. at 4 But as previously noted, it appears LDS Church under its common name[4] was not registered as a fictious name for a foreign corporation or as an independent corporation organized within the Commonwealth of Virginia at the time of the Notice of Removal.

Plaintiff cites a Northern District of Texas case, Turner v. Church of Jesus Christ of Latter-Day Saints, which holds that when "there is no clear, controlling substantive law regarding the citizenship or capacity of the noncorporate form of a church" all resolving ambiguities should be resolved in favor of remanding the case. No. 3:95-CV-1354, 1996 WL 34447787 at *4 (N.D. Tex. Feb. 22, 1996). Like the Plaintiff here, the plaintiff in Turner sued the individual LDS Church along with the President and Bishop corporations. The defendants in Turner made similar arguments to the Defendants arguments here. In both cases, they aver that it is only proper to bring a lawsuit against the LDS Church by its corporate names and not by the common name of the church organization. But as in Turner, the Defendants here have no clear or controlling law requiring this result. Here, this Court finds the Turner decision to be persuasive.

---

[4] The Church of Jesus Christ of Latter-Day Saints

Additionally, under these facts, the Defendants admitted that Field was acting as an agent of the individual LDS Church along with the other corporate entities indicating its own autonomy from the two Utah corporations. The registration and title of the vehicle in the accident refer to both the LDS Church and the Corporation of the Presiding Bishop. The address for the vehicle on the title is the LDS Church's address in Portsmouth suggesting a direct affiliation with the individual Church at that location. Doc. 14-1; Doc. 17. If LDS Church and Presiding Bishop were the same entity, then there would be no need for the textual distinction on both documents Id. The evidence before the Court highlights the ambiguous nature of the corporate status of the LDS Church Defendant. With the unclear characterization of the LDS Church's corporate status, the Court will resolve the uncertainties in the favor of the Plaintiff. Accordingly, the Court finds that the Defendants have failed to meet their burden to prove complete diversity and remand is proper.

**B. Improper Notice of Removal**

Additionally, as another basis for remand, the Court finds that the Notice of Removal is procedurally defective. 28 U.S.C. § 1441(a) states that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "To remove to federal court, the defendant or defendants must file 'a notice of removal. containing a short and plain statement of grounds for removal.'" Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (quoting 28 U.S.C. § 1446(a)). Courts have interpreted these provisions to require that all defendants in a case to join in removal and comply with the procedural requirements of 28 U.S.C. § 1446. See Id.; Guyon v. Basso, 403 F. Supp. 2d 502, 505 (E.D. Va 2005). The failure of all defendants to join the notice of removal is grounds for remand back to state court. Guyon, 403 F. Supp. 2d at 505. The courts have identified a limited exception to this general rule. A nominal

party without "a palpable interest in the outcome of a case" need not consent to removal. Hartford Fire Ins. Co., 736 F.3d at 259. Specifically, a nominal party is one that has "no immediately apparent stake in the litigation either prior or subsequent to the act of removal." Id. at 260. District courts should focus on the "particular facts and circumstances of a case" to determine nominal party status. Id.

Plaintiff argues that there is a lack of unanimity between the served Defendants that would render removal improper under 28 U.S.C. § 1446(b)(2)(A). Doc. 8 at 10, Doc. 18 at 2-3. Plaintiff notes that only LDS Church, the President Corporation, and Field have joined in the Notice of Removal. Accordingly, the Presiding Bishop Corporation is absent from the notice of removal. Id. Defendants' aver that all Defendants have joined the notice because Presiding Bishop has changed its name in Utah to "The Church of Jesus Christ of Latter-day Saints" and therefore that is the proper name. Doc. 10 at 11. Even if Defendants' claim is correct, then the Notice of Removal would not contain the individual LDS Church entity sued by the Plaintiff. See Doc. 1. Plaintiff avers that these are two separate entities, and both are required to join in the removal.[5] Doc. 11 at 5. This Court agrees.

The case was removed on August 15, 2019. At that time, the corporate name change of Corporation of the Presiding Bishop to The Church of Jesus Christ of Latter-day Saints was completed in Utah but not in Virginia. Therefore, both the Corporation of the Presiding Bishop and the Church of Latter-day Saints were entities operating in Virginia. One as the individual LDS Church located in Portsmouth and the other as the Utah Corporation. Therefore, all parties have not joined in the notice of removal. Additionally, Defendants aver that LDS church is a nominal party and was only joined to destroy diversity jurisdiction. Doc. 10 at 10. Viewing the facts and

---

[5] The Corporation of the President and Field are clearly in the notice of removal and not at issue.

7

circumstances of the case, LDS Church is Portsmouth, Virginia is located on both the title and the registration of the automobile that was involved in the automobile crash. Doc. 14-1, 17. Therefore, the evidence presented indicates that LDS Church has at the very least a palpable interest in the litigation. Accordingly, the Court finds that LDS Church is not a nominal party. Here, the rule of unanimity requires remand to state court.

## C. Fraudulent Joinder

Alternatively, the Defendants aver that the joinder of the LDS Church should be treated a fraudulent joinder. Doc. 10 at 10. A defendant may invoke the judicially created doctrine of fraudulent joinder to remove a case to federal court when a plaintiff tactically names a non-diverse defendant to defeat diversity jurisdiction. Id. (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1991); Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). The doctrine of fraudulent joinder "permits a federal judge to disregard non-diverse parties to the claim, thereby creating subject matter jurisdiction for the federal court even in the absence of complete diversity." Sanders v. Medtronic, Inc., No. 4:06cv57, 2006 U.S. Dist. LEXIS 45516, at *5 (E.D. Va. June 26, 2006) (citing Mayes, 198 F.3d at 462).

To prove fraudulent joinder, the removing parties must demonstrate either: "[1] that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Carter, 445 F. Supp. 2d at 600 (citing Mayes, 198 F.3d at 464 (quoting Marshall, 6 F.3d at 232)). In determining whether joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting Dodd v. Fawcett Publications, Inc.,

8

329 F.2d 82, 85 (10th Cir. 1964)). The appropriate level of review is thus more akin to a motion for summary judgment, "even though the 'no possibility' test, on its face, seems similar to the level of review allowed for a motion to dismiss," and the Court has the authority to look beyond the pleadings and consider "summary-judgment-type" evidence, including affidavits and depositions accompanying either the notice of removal or the motion to remand. Sanders, 2006 U.S. Dist. LEXIS 45516 at *8 (citing Linnin v. Michielsens, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005)).

In this case, the Defendants admitted that Field was an agent and employee of the LDS Church at the time of the accident. See Defs' Answer, Doc. 3 at ¶ 6 (admitting that Field was an agent/employee and operating within the scope of her employment for all three entities at the time of the accident). They aver that "[b]ecause the Church is not an unincorporated association but does, in fact, operate through corporate entities, there is no possibility Plaintiff could establish a cause of action against the Church as an unincorporated association in state court." Doc. 10 at 10. Because of their admission that Field was an employee of all three entities, Defendants acknowledge that the LDS Church in Portsmouth has some sort of distinct status from that of the Presiding Bishop and President entities. Accordingly, the ambiguity regarding the corporate status of the Portsmouth LDS Church within Virginia lends evidence that it may be in-fact an unincorporated association. Under Virginia law, these associations are permitted to be sued under their common name. Va. Code § 8.01-15. Therefore, Smith could establish a cause of action against Defendant LDS Church in state court.[6] Additionally, at oral argument, the Court inquired of the Defendants whether there was outright fraud in the Plaintiff's jurisdictional facts. The Defendants cited to no evidence in the record that the Plaintiff had committed fraud in their pleading. For these reasons, fraudulent joinder does not apply in this case.

---

[6] Generally, Virginia law allows for suits against "unincorporated associations. . . under the name by which they are commonly known and called, or under which they do business." Va. Code § 8.01-15.

## III. CONCLUSION

For the reasons stated within, the Court **GRANTS** the Plaintiff's Motion to Remand

The Clerk is **REQUESTED** to deliver a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 6, 2020